**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---------------------------------------------------------------------X
:
INTERNATIONAL LONGSHOREMEN'S            :
ASSOCIATION, AFL-CIO,                    :
5000 West Side Avenue,                   :   **Civil Action No.:**
North Bergen, NJ 07047,                  :
:
*Plaintiff,*          :   **COMPLAINT**
v.                     :
:
UNITED STATES DEPARTMENT OF LABOR,       :
200 Constitution Ave. NW                 :
Washington, DC 20210,                    :
:
*Defendant.*          :
:
---------------------------------------------------------------------X

Plaintiff, the International Longshoremen's Association, AFL-CIO ("ILA"), brings this

action against Defendant, United States Department of Labor ("DOL"), under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and the Declaratory Judgment Act, 28

U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel Defendant DOL to

comply with FOIA, and alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. §§ 1331, 2201 and 2202.

2.      Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§

1391, 2201 and 2202.

3.      Because Defendant DOL has failed to comply with the applicable time limit

provisions in FOIA, Plaintiff ILA is deemed to have exhausted its administrative remedies

pursuant to 5 U.S.C. § 552(a)(6)(c)(i), and is now entitled to judicial action enjoining the DOL

1003-387
87062

from continuing to improperly withhold agency records.

## PARTIES

4.      Plaintiff ILA is an unincorporated association with its principal office located at 5000 West Side Avenue, North Bergen, County of Hudson, New Jersey 07047. The ILA is a labor organization that represents longshore workers in ports on the Atlantic and Gulf Coasts. The ILA, on behalf of its constituent locals, negotiates and administers various collective bargaining agreements with employers of longshore workers. International Longshoremen's Association, Local 333, AFL-CIO ("ILA Local 333") is an ILA-affiliated local labor organization composed of longshore workers employed principally at marine terminals in the Port of Baltimore, Maryland.

5.      Defendant DOL is a department of the executive branch of the U.S. Government headquartered in Washington, D.C., and an agency of the Federal Government within the meaning of 5 U.S.C. § 552(a). Defendant DOL has possession of and control over the records that Plaintiff ILA seeks.

## BACKGROUND FACTS

6.      On or around December 1, 2014, the ILA placed ILA Local 333 into trusteeship (the "Trusteeship"). Through the Trusteeship, the ILA appointed a trustee to conduct the day-to-day affairs of ILA 333, thereby displacing the ILA 333 officials who operated the union prior to imposition of the Trusteeship.

7.      In response to the Trusteeship, the ousted officials of ILA Local 333 filed a lawsuit against, *inter alia*, the ILA claiming that the Trusteeship was unlawfully imposed, in violation of Section 302 of the Labor-Management Reporting and Disclosure Act (the

1003-387
87062

-2-

-3-

"LMRDA"), 29 U.S.C. § 462. *See McKenzie-El, et al. v. ILA, et al.*, Civil Action No. 1:15-cv-813 (D. Md.) ("*McKenzie-El, et al.*"). This lawsuit is still pending.

8.    Upon information and belief, discovery in *McKenzie-El, et al.* will conclude by the end of 2018.

9.    In or around May 2015, the Office of Labor Management Standards ("OLMS"), the office within the DOL that administers the LMRDA, received a complaint that the Trusteeship was unlawfully imposed (the "Trusteeship Complaint").

10.    Upon receiving a complaint that an international union unlawfully imposed a trusteeship over a subordinate union, "the Secretary [of the DOL] shall investigate the complaint and if the Secretary finds probable cause to believe that such violation has occurred . . . he shall . . . bring a civil action . . . for such relief (including injunctions) as may be appropriate."  29 U.S.C. § 464(a).

11.    The DOL investigated the Trusteeship Complaint.

12.    As part of the investigation, the ILA produced over 750 pages of documents to the OLMS and answered numerous sets of questions from an OLMS investigator.

13.    By letter dated March 16, 2016, the OLMS notified Plaintiff ILA that it did not find probable cause to believe that the Trusteeship was unlawfully imposed.  Accordingly, the OLMS "determined that legal action [was] not warranted in the [Trusteeship Complaint]."

1003-387
87062

**PLAINTIFF'S FOIA REQUESTS**

14.     On January 16, 2018, Plaintiff ILA duly served FOIA requests on the FOIA officers within the DOL, asking for the following documents:

> (1)     The entire investigation file associated with the Trusteeship Complaint.
>
> (2)     All records and documents related, in any way, to the investigation conducted by the OLMS of the Trusteeship Complaint.

15.     On February 22, 2018, the OLMS acknowledged receipt of Plaintiff ILA's FOIA requests, and notified Plaintiff ILA that it was determined to be a Category Four Requestor under 29 C.F.R. § 70.40(c)(4).

16.     On May 2, 2018, the OLMS sent an e-mail to counsel for Plaintiff ILA stating that the ILA's FOIA requests fell "within the complex queue" and stated that a response would be provided by May 30, 2018.

17.     On June 1, 2018, the OLMS sent an e-mail to counsel for Plaintiff ILA apologizing for the delay in responding to the ILA's FOIA requests and stated that the OLMS was working hard to provide a response.

18.     On June 13, 2018, five months after Plaintiff ILA's initial request, the OLMS responded to Plaintiff ILA's FOIA request.

19.     Out of 1202 pages of responsive documents identified, the OLMS only produced 208 pages. Much of the OLMS's production consisted of documents that Plaintiff ILA had originally furnished to the OLMS in connection with the investigation of the Trusteeship Complaint.

1003-387
87062

-4-

20.     The OLMS withheld 994 pages of documents on the grounds that they included duplicative pages or fell within FOIA exemptions 4, 5, 6 and/or 7(E).  The OLMS only provided conclusory reasons for why the exemptions applied to the 994 withheld pages of documents.

21.     On June 27, 2018, Plaintiff ILA appealed the OLMS's withholding of the 994 pages of the responsive documents that it identified.

22.     Plaintiff ILA served the appeal on the Solicitor of Labor by sending it electronically to foiaappeal@dol.gov, pursuant to 29 C.F.R. § 70.22(c).

23.     Plaintiff ILA also mailed a copy of the appeal to the Solicitor of Labor, U.S. Department of Labor, Division of Management and Administrative Legal Services, 200 Constitution Avenue, N.W., Rm. N2420, Washington, D.C. 20210.

24.     As of the date of this filing, Defendant DOL has not ruled on Plaintiff ILA's appeal.

25.     More than twenty working days have passed since Defendant DOL received Plaintiff ILA's appeal.  Pursuant to 5 U.S.C. § 552(a)(6)(C), Plaintiff ILA has therefore exhausted all applicable administrative remedies with respect to records not yet produced that are responsive to its FOIA request.

## COUNT I

### WRONGFUL WITHHOLDING OF NON-EXEMPT RECORDS IN VIOLATION OF FOIA, 5 U.S.C. § 552

26.     Plaintiff ILA repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

27.     Plaintiff ILA properly requested records within the possession, custody, and control of Defendant DOL.

1003-387                              -5-
87062

28.    Defendant DOL is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records or provide a lawful reason for withholding any materials.

29.    Defendant DOL is wrongfully withholding agency records requested by Plaintiff ILA by failing to produce records responsive to its FOIA requests.

30.    Defendant DOL's failure to provide all responsive records violates FOIA.

31.    Plaintiff ILA has a statutory right to the requested documents that were withheld, and there is no legal basis for Defendant DOL's failure to make them available to Plaintiff ILA.

32.    Plaintiff ILA is therefore entitled to injunctive and declaratory relief requiring Defendant DOL to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

### DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff ILA requests that this Court issue a judgment:

a.    Declaring as unlawful Defendant DOL's failure to disclose the records responsive to Plaintiff ILA's FOIA requests and withholding of any responsive records under claim of exemption;

b.    Ordering Defendant DOL to produce, by such a date as the Court deems appropriate, any and all non-exempt records available to Plaintiff ILA;

c.    Enjoining Defendant DOL from continuing to withhold any and all non-exempt records responsive to Plaintiff ILA's FOIA request;

d.    Awarding Plaintiff ILA reasonable attorneys' fees and other litigation costs named in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

e.   Granting Plaintiff ILA such other and further relief as this Court may deem just and proper.

Dated: August 3, 2018

MARRINAN & MAZZOLA MARDON, P.C.


/s/ Kevin Marrinan
Kevin Marrinan
John P. Sheridan
Kyle D. Winnick
26 Broadway, 17th Floor
New York, NY 10004
Tel: (212) 425-3240
Fax: (212) 943-6649
kmarrinan@mmmpc.com
jsheridan@mmmpc.com
kwinnick@mmmpc.com

*Pro Hac Vice Attorneys for Plaintiff International*
*Longshoremen's Association, AFL-CIO*
*[admissions pending]*


ABATO, RUBENSTEIN AND ABATO, P.A.


/s/ Paul D. Starr
Paul D. Starr, Bar No. 442848
809 Gleneagles Court, Suite 320
Baltimore, Maryland 21286
Tel: (410) 321-0990
Fax: (410) 321-1419
pstarr@abato.com

*Local Counsel for Plaintiff International*
*Longshoremen's Association, AFL-CIO*

-7-

1003-387
87062